KATHERINE BEKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24522. Promulgated September 15, 1930.

*Ewell D. Moore, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

810

OPINION.

Seawell: Under the stipulated facts, there seems no question as to the ownership of the notes which were received in the sale of certain property and as to how the profit included therein should be accounted for in the separate returns of the petitioner and her husband. That is, as we understand the situation, it is not questioned that 80.73 per cent of each of the notes was the separate property of the petitioner and 19.27 per cent thereof the separate property of her husband, and that the petitioner and her husband each properly reported profit included in the notes, as the notes were paid, on the basis of the foregoing percentages. Not only, however, was there profit to be accounted for in the payment of the notes, but also interest was paid thereon and the petitioner contends that she and her husband should each report one-half of this interest in their respective separate returns. Since the separate properties of the petitioner and her husband produced the profit as well as the interest, we fail to see why a different rule should be applied in reporting the profit included in these notes than in accounting for the interest therefrom. The same reasoning that would lead to the conclusion that the profit constituted separate income to the petitioner and her husband in proportion to their ownership in the notes and was in no sense community property would require a like

conclusion with respect to the interest. In fact, we can here well apply the metaphor of Justice Holmes in *Lucas* v. *Earl*, 281 U. S. 111, and attribute the fruit to the tree on which it grew. The petitioner, however, would avoid this result by seeking to show an understanding between her and her husband through which, by means of a transfer of certain securities from the one to the other, one-half of the interest was to belong to each of them when received. While the evidence is unsatisfactory both as to what was transferred and as to the agreement effected thereby, at best it would seem to amount to nothing more than a contract for the future assignment of income which would not alter the status, for tax purposes, of the person to whom the income belonged in the first instance. On the whole, we are satisfied that the action of the Commissioner was correct in including the interest from the notes as income in the return of the petitioner on the same basis that her ownership in the notes is conceded to exist. Cf. *Lucas* v. *Earl, supra; Blair* v. *Roth,* 22 Fed. (2d) 932; *Bing* v. *Bowers,* 26 Fed. (2d) 1017; *Ralph L. Hinckley,* 6 B. T. A. 312; *H. A. Belcher,* 11 B. T. A. 1294; and *Florence H. Schoen, Executrix,* 13 B. T. A. 857.

*Judgment will be entered for the respondent.*